UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANA MORSE, | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-113-B-W |
| | ) |
| STATE OF MAINE SUPERIOR/ | ) |
| SUPREME COURT, | ) |
| | ) |
|        Defendant | ) |

**RECOMMENDED DECISION ON 42 U.S.C. § 1983 COMPLAINT**

Dana Morse has filed a complaint pursuant to 42 U.S.C. § 1983. He neither paid the $350.00 filing fee nor filed an application to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action ... without prepayment of fees or security therefore, in addition to filing the affidavit...shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which [he] is or was confined") (emphasis added).

On March 27, 2009, I entered an order stating:

> Morse may believe that this pleading is somehow a continuation of his earlier case, Morse v. Youland, 2:08-cv-00366-DBH, but that case is closed in this court and is currently on appeal to the First Circuit Court of Appeals. He must file a new application in this case if he intends to bring this complaint pursuant to 42 U.S.C. § 1983. If this action is in the nature of a request for habeas corpus relief in this court pursuant to 28 U.S.C. § 2254, Morse must file a petition that plainly so indicates because this court will not sua sponte change the complaint he has already filed.
>     The Clerk is hereby directed to forward a form Application to Proceed *In Forma Pauperis*, incorporating the amendments, to the Plaintiff. Plaintiff is hereby ORDERED to file the Application to Proceed *In Forma Pauperis*, or pay the filing fee of $350, no later than April 17, 2009, failing which I will

recommend that this matter be dismissed for lack of prosecution.

(Doc. No. 2.)

Today's date is April 23, 2009, and Morse has still not complied with this order and I recommend that the case be dismissed for lack of prosecution.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 23, 2009